**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 23-1925

———————————

UNITED STATES OF AMERICA

v.

CHARLES F. BROWNE, JR.,
                                    Appellant

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:20-cr-00965-001)
District Judge: Honorable Michael A. Shipp

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 8, 2024

Before: BIBAS, FREEMAN, and RENDELL, *Circuit Judges*

(Filed: July 8, 2024)

———————————

OPINION*

———————————

BIBAS, *Circuit Judge*.

Charles Browne was convicted of possessing, soliciting, and receiving child pornography as well as obstructing a federal investigation. Though he challenges two evidentiary rulings, we will affirm his conviction.

———————————

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Charles's Dropbox cloud-storage account, tied to his email address, held dozens of videos and images of child porn. That account also held his résumé and was created from his former home address. A few hours after Dropbox disabled that account, a new one was created from his workplace using another of his email addresses.

An FBI agent and a police officer questioned Charles about the child porn in the accounts. He denied any knowledge of Dropbox or child porn. After they left, he took his iPad and iPhone and threw them into a bay to destroy any evidence. But the FBI had a diver recover the devices and extracted more than a thousand child-porn files from them.

At trial, the jury convicted on all counts. Charles unsuccessfully tried to blame his brother, Scott, who visited his home weekly and used his iPad. He sought to introduce emails that Scott had sent Charles's defense counsel plus texts and statements by Scott to Charles's private investigator claiming responsibility for the child porn. The District Court excluded this hearsay as untrustworthy and not clearly against Scott's penal interest. It also admitted a statement in Charles's pretrial brief denying all the government's allegations, contradicting Charles's later admission that he had obstructed the investigation. We review both evidentiary rulings for abuse of discretion. *United States v. Caldwell*, 760 F.3d 267, 289 (3d Cir. 2014); *United States v. Bansal*, 663 F.3d 634, 666 (3d Cir. 2011).

The District Court properly excluded Scott's out-of-court statements as hearsay. To admit them as statements against interest, the court would have had to find both that (A) a reasonable person in Scott's position would not have said them unless they were true because they tended to expose him to criminal liability and (B) circumstances clearly confirm

2

that the statements were trustworthy. Fed. R. Evid. 804(b)(3). So if either prong is not met, the statements are inadmissible hearsay.

Because the statements were untrustworthy, the second prong is not satisfied. Scott is Charles's brother and was looking for ways to help him out. He did not make these statements until several years after Charles's arrest, and he had been drinking. Then he changed his story the next day, deflecting blame to a Bangladeshi hacker. So the District Court reasonably found that Charles had not borne his burden of showing trustworthiness.

Charles also challenges the District Court's admission of his pretrial brief denying all the allegations, which the government argues it offered solely for impeachment purposes after Charles admitted guilt on the obstruction charge. Even if that was error, it was harmless. The evidence against Charles was overwhelming. His Dropbox accounts, iPhone, and iPad were full of child pornography. The Dropbox accounts used two of his email addresses and held his résumé. He admitted throwing both devices into the bay to destroy them, showing consciousness of guilt. Those devices and accounts were used regularly not only at Charles's home, but also at the crematorium where he worked, which Scott was unlikely to visit. Given this overwhelming evidence, any dispute about whether Charles at first denied obstructing the investigation did not affect the outcome of his trial. We will thus affirm.